UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>COLLETTE WINN, et al.,<br><br>Defendant(s). | Case No. 2:14-CR-220 JCM (GWF)<br><br>ORDER |

Presently before the court is petitioner Collette Winn's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 55).  The government filed a response in opposition.  (ECF No. 57).  Petitioner has not filed a reply and the time to do so has since passed.

**I.     Facts**

On November 18, 2014, petitioner pleaded guilty to counts one and three of the indictment (ECF No. 1) for conspiracy, in violation of 18 U.S.C. § 371, and for theft of mail, in violation of 18 U.S.C. § 1708.  (ECF No. 49).  The plea agreement included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward departure, and all non-waivable claims of ineffective assistance of counsel.  (ECF No. 49).

On March 18, 2015, the court sentenced petitioner to fifteen (15) months custody, followed by three (3) years supervised release.  (ECF No. 51).  Petitioner was advised of her rights to file an appeal.  (ECF No. 51).  The court entered judgment on March 20, 2015.  (ECF No. 54).

In the instant motion, petitioner moves to vacate the current sentence and requests an entry of an amended judgment that orders her sentenced to time served with the sentence to run concurrent with her now-expired state sentences.  (ECF No. 55).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

Petitioner argues that this court and the state court relied on the same factual misapprehension—that petitioner was in federal custody at the time of sentencing. (ECF No. 55 at 6). Further, petitioner asserts that the "factual deficit caused the state court judge to enter a sentence that could not be given effect—that the state and federal times run together. Because Winn was in state custody at the time of sentencing, this [c]ourt's sentence becomes nearly 12 months longer than originally believed." (ECF No. 55 at 6).

Petitioner requests that this court vacate her current federal judgment and substitute it to include the following language: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: credit for time served." (ECF No. 55 at 7).

In response, the government contends that petitioner knowingly and voluntarily waived her right to collaterally attack her sentence. (ECF No. 57 at 5). The court agrees.

In the plea agreement, the petitioner signed and acknowledged that she knowingly and expressly waives the following:

> (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or

**James C. Mahan**
**U.S. District Judge**

- 2 -

> sentence and any order of restitution or forfeiture. The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

(ECF No. 49 at 10). In the instant motion, petitioner does not make a claim for ineffective assistance of counsel. (ECF No. 55). Rather, the motion seeks to collaterally challenge petitioner's sentence, a right which she waived in her plea agreement (ECF No. 49). (ECF No. 55).

Accordingly, petitioner's motion will be denied.

Furthermore, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

**James C. Mahan**
**U.S. District Judge**

- 3 -

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

In light of the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Collette Winn's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55) be, and the same hereby is, DENIED.

DATED October 12, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**